IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JEFFREY BERNARD HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIV. A. NO. 23-0174-JB |
| | ) | |
| vs. | ) | CRIM. A. NO. 18-0223-JB-MU-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **REPORT AND RECOMMENDATION**

On January 4, 2023, Petitioner Jeffrey Bernard Harris signed and placed in the prison mailing system his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] (Doc. 76). This motion has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen LR 72(a)(2)(R). Following consideration of all relevant filings, it is recommended that Harris's § 2255 motion be **DISMISSED** as time-barred pursuant to 28 U.S.C. § 2255(f).

## **I. Background**

In July 2018, a grand jury returned an indictment against Harris for possession of a firearm by a prohibited person (felon) in violation of 18 U.S.C. § 922(g)(1), alleging that, after being convicted of several felonies, he knowingly possess a firearm, namely, a Taurus PT24/7 Pro .45 caliber semi-automatic handgun, Serial No. NAT62299. (Doc. 1). Subsequently, in October 2018, the grand jury returned a superseding indictment against Harris, adding a second count of possession of a firearm by a prohibited

---

[1] Inexplicably, his motion was not received and filed in this Court until May 12, 2023. *See* Docket Sheet.

person (felon) in violation of 18 U.S.C. § 922(g)(1), alleging that, after being convicted of several felonies, he knowingly possessed a second firearm, namely, a Cobra .380 caliber handgun, model CA-380, Serial No. CP040531. (Doc. 34). Harris pled guilty to Count One of the superseding indictment, pursuant to a written plea agreement, on January 4, 2019. (Doc. 56). On April 11, 2019, Harris was sentenced to a term of 120 months in prison, followed by 3 years of supervised release. (Doc. 67). Harris did not file an appeal. *See* Docket Sheet.

On August 8, 2022, Harris wrote a letter to the Court, which the Court construed as a motion to withdraw his guilty plea and to appoint counsel. (Docs. 70, 72). After hearing from the United States, the Court entered an order noting that, while Harris's motion to withdraw his guilty plea was not supported by any statute or rule that would permit the requested relief, it could be reconstrued as a § 2255 motion. (Doc. 75). Harris was warned by the Court that, because a motion brought pursuant to § 2255 appeared to be untimely, he must show cause why his petition was not time barred by the applicable one-year statute of limitations. (*Id.*). Harris filed the instant § 2255 motion on January 4, 2023 (under the prison mailbox rule), the United States filed a brief in opposition to the motion to vacate on March 21, 2024 (Doc. 84), and Harris filed a reply on or about May 15, 2024 (Doc. 85).

## II. <u>Legal Analysis</u>

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2255 providing for a one-year period of limitations within which federal prisoners must file their

motions to vacate pursuant to 28 U.S.C. § 2255. *Akins v. United States*, 204 F.3d 1086, 1089

(11th Cir.), *cert. denied,* 531 U.S. 971 (2000). Section 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In this case, Harris did not file a direct appeal (*see* Docket Sheet) and, therefore, his

conviction and sentence became final fourteen (14) days after this Court entered the judgment

on April 11, 2019, that is, on April 25, 2019, the date on which the time for filing a notice of

appeal expired. *Akins*, 204 F.3d at 1089, n.1 (noting that when a defendant does not pursue a

direct appeal, the conviction becomes final when the time expires for filing a direct appeal).

Thus, Harris's one-year limitations period for filing his § 2255 motion began running on April

25, 2019, and expired on April 25, 2020.[2] Because April 25, 2020, was a Saturday, his

deadline to file his § 2255 motion was extended to April 27, 2020. Even under the most

---

[2] "*Pro se* litigants are deemed to know of the one-year statute of limitations for filing § 2255 motions." *Lucas v. United States,* 522 F. App'x 556, 558 (11th Cir. 2013) (citing *Outler v. United States,* 485 F.3d 1273, 1283 n.4 (11th Cir. 2007).

generous construction of the date Harris filed his § 2255 motion, i.e., August 8, 2022, the date he wrote his letter to the Court seeking to withdraw his guilty plea, his motion is clearly time-barred.

Even though he was given the opportunity to do so, Harris has not argued or offered evidence that any of the savings provisions contained in §2255(f)(2), (3), or (4) apply here. While Harris's arguments in his motion and reply seem to be that he is actually innocent, any claim of actual innocence would fail in this action since Harris pled guilty and the guilty plea colloquy shows that he was fully informed by the Court of the consequences of pleading guilty, the facts of the charge against him, and the consequences of not testifying truthfully at the guilty plea hearing and unequivocally pled guilty to those charges. (Doc. 73).

Time-barred claims under § 2255 are due to be dismissed. *See Goodman v. United States,* No. 19-0029-TFM-MU-1, 2023 WL 3071098, *1 (S.D. Ala. Mar. 16, 2023). For these reasons, the undersigned recommends that Harris's § 2255 motion be **DISMISSED** as time-barred pursuant to 28 U.S.C. § 2255(f).

<u>**CERTIFICATE OF APPEALABILITY**</u>

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1).  A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). The instant habeas petition is being denied on

procedural grounds, such that "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[,]" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Given the applicability of the one-year limitations period in this case, a reasonable jurist could not conclude that this Court is in error for dismissing Harris's motion to vacate. *Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, Harris is not entitled to a certificate of appealability.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-00165-WS-C, Doc. 14 (order from Eleventh Circuit denying petitioner a certificate of appealability in a case in which this exact procedure was outlined in the report and recommendation); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. Jun. 28, 2011) (providing for the same procedure), *report and recommendation adopted,* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

## CONCLUSION

The undersigned Magistrate Judge **RECOMMENDS that** Harris's § 2255 motion (Doc. 76) be **DISMISSED** as time-barred pursuant to 28 U.S.C. § 2255(f). Harris is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **5th** day of **May, 2026**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**

6